IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Willie Ray Hawkins, Jr., | ) | No. CV-10-450-TUC-AWT (JCG) |
| Petitioner, | ) | **REPORT & RECOMMENDATION** |
| vs. | ) | |
| Craig Apker, | ) | |
| Respondent. | ) | |

Pending before the court is a Petition for Writ of Habeas Corpus brought pursuant to Title 28, United States Code, Section 2241.[1]  The petitioner, Willie Ray Hawkins, Jr., currently confined in the United States Penitentiary in Tucson, AZ alleges that he is actually innocent of violating 18 U.S.C. § 924(c) in light of the United State Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995).  Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for a Report and Recommendation.  Before the Court are the Petition (Doc. 1) and Respondent's Answer (Doc. 8.)  Petitioner did not file a Reply.

**Summary of the Case**

Petitioner is serving a 420-month sentence, followed by 5 years' supervised release, for Posssession with Intent to Distribute Crack in violation of 21 U.S.C. § 841(a)(1), and Use or Carrying a Firearm during a Drug Crime in violation of 18 U.S.C. § 924(c)(1).  (Doc. 8-1, pgs.

---

[1] Generally, motions to contest the legality of a sentence must be filed under 28 U.S.C. § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241 in the custodial court.  *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

8-9.)  Petitioner is projected to be released from custody on October 4, 2024, via Good Conduct Time Release. (Doc. 8-1, pg. 8.)

Petitioner was convicted in the United States District Court for the Middle District of North Carolina in May, 1995 and sentenced on September 12, 1995.  (Doc. 8-2, pg. 13.) Petitioner appealed his conviction, which was affirmed on October 25, 1996. (Doc. 8-2, pg. 13.)

Petitioner filed three Motions to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Middle District of North Carolina. CV-98-682-NCT was filed on August 6, 1998 and closed the same day. (Doc. 8-2, pg. 2.) CV-98-832-NCT was filed on September 22, 1998 and closed the same day. (Doc. 8-2, pg. 3.) CV-98-932-NCT was filed October 23, 1998, referred to a magistrate judge, and closed on November 16, 1999. (Doc. 8-2, pgs. 4-5.)

On July 30, 2001, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of South Carolina.  (Doc. 8-2, pgs. 8, 26.)   In his Petition, Petitioner raised claims under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Bailey v. United States*, 516 U.S. 137 (1995).  (Doc. 8-2, pg. 14.)  On October 2, 2001, the district court dismissed Petitioner's petition without prejudice.  (Doc. 8-2, pg. 26.) The district court concluded that Petitioner's claims were cognizable under 28 U.S.C. § 2255 and advised Petitioner to seek leave to file a successive § 2255 Petition from the United States Court of Appeals for the Fourth Circuit.  (Doc. 8-2, pgs. 20, 26-27.)

On March 19, 2003, Petitioner filed a fourth Motion to Vacate pursuant to § 2255 in the United States District Court for the Middle District of North Carolina; captioned CV-03-259-NCT, the Motion was referred to a district judge, and closed on September 30, 2003.  (Doc. 8-2, pgs. 6-7.)

On July 27, 2010, Petitioner filed the pending Petition.  (Doc. 1.)  In his Petition, Petitioner raises one claim: that he is actually innocent of violating 18 U.S.C. § 924(c) in light of the United State Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995).

**<u>Discussion</u>**

**A.      Exhaustion of Administrative Remedies**

Respondent contends that the Petition should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing the pending Petition.  Although a federal prisoner is generally required to exhaust his federal administrative remedies before filing a habeas petition, that rule is typically applied in § 2241 cases in which a petitioner is challenging the fact or duration of his confinement.  *See, e.g., Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991).  Moreover, the exhaustion prerequisite for filing a § 2241 petition is judicially created; it is not a statutory requirement. *See Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), *overruled on other grounds, Reno v. Koray*, 515 U.S. 50, 54-55 (1995).  In the present case, prison officials would not be able to remedy Petitioner's claim that a change in the law has rendered his conviction unconstitutional, thus it makes no sense to require Petitioner to initiate administrative proceedings.  For this reason, and because the Magistrate concludes that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255(e), the Magistrate declines to recommend dismissal based on failure to exhaust administrative remedies.

**B.      Petitioner is not Entitled to Relief**

Petitioner contends that he is actually innocent of violating 18 U.S.C. § 924(c) in light of the United State Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995).  At the time Petitioner was convicted, 18 U.S.C. § 924(c) required special penalties for a defendant who "during and in relation to any crime of violence or drug trafficking crime ..., uses or carries a firearm."   During Petitioner's trial, the jury was instructed that:

> A person is considered to have used a firearm if its presence in his possession, regardless of whether that possession is actual or constructive, sole or joint, facilitated in any manner a drug trafficking offense. . . .   A firearm can facilitate and relate to the crime of possessing cocaine base or crack with the intent to distribute it if the person possessing the firearm intended to use the gun to protect his possession of cocaine base or crack, to protect money derived from the sale of cocaine base or crack, or to protect himself during either the possession or sale of cocaine base or crack, or to make escape possible.

(Doc. 1-1, pg. 5.)  According to the Petitioner, the evidence admitted at trial established that there were several firearms found in Petitioner's home, in close proximity to the cocaine, but

there was no evidence that Petitioner used or carried a firearm.  In *Bailey*, decided by the United States Supreme Court a few months after Petitioner was convicted and sentenced, the Court held that "use" must connote more than mere possession of a firearm by a person who commits a drug offense.  516 U.S. at 506.  Thus, Petitioner argues, under *Bailey*, there was insufficient evidence to support his conviction under 18 U.S.C. § 924(c).

Ordinarily, Petitioner would be required to bring his *Bailey* claim in a Motion to Vacate filed pursuant to 28 U.S.C. § 2255.  In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.  *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (holding that, in general, "[a] federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241").  However, § 2255(e) provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Petitioner claims that he is entitled to pursue his pending Petition under the § 2255(e) exception.

The exception provided for by § 2255(e) is narrow.  Although the Ninth Circuit has not directly considered when, or whether, a federal prisoner may resort to § 2241 in order to avoid the limitations on second or successive petitions contained in § 2255, other circuits to consider application of § 2255(e) have held, in essence, that a federal prisoner who is "actually innocent" of the crime of conviction, but who never has had "an unobstructed procedural shot" at presenting a claim of innocence, may resort to § 2241 if the possibility of relief under § 2255 is foreclosed.  *See Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000) (collecting cases.)  In the present case, even assuming Petitioner is actually innocent of the crime of conviction, he has not been deprived of an unobstructed procedural shot at presenting his claim.  Petitioner did not file his first § 2255 Motion until August 6, 1998 – nearly three years after *Bailey* had been decided.  Petitioner could have presented his *Bailey* claim in his first § 2255 Motion but he failed to do so.  The fact that Petitioner's first § 2255 Motion was arguably untimely does not

1   render federal habeas relief an ineffective or inadequate remedy under § 2255(e).  *See Moore*
2   *v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999).  Accordingly, the Magistrate concludes that
3   Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255(e).

### Conclusion

5       Based on the foregoing, the Magistrate Judge recommends that the District Court enter
6   an order DENYING the Petition for Writ of Habeas Corpus.  (Doc. 1.)

7       Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within
8   fourteen days of being served with a copy of the Report and Recommendation.  If objections
9   are not timely filed, they may be deemed waived. If objections are filed, the parties should use
10  the following case number: **CV 10-450-TUC-AWT**.

11      The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and
12  counsel for Respondent.

13      DATED this 10th day of February, 2011.

Jennifer C. Guerin
United States Magistrate Judge