UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILLIE RAY HAWKINS, JR., | No. CV 10-0450 TUC AWT (JCG) |
| Petitioner, | |
| vs. | **ORDER** |
| CRAIG APKER, WARDEN, | |
| Respondent. | |

Willie Ray Hawkins, presently confined in the United States Penitentiary in Tucson, Arizona, and proceeding pro se, filed a habeas corpus petition ("Petition") pursuant to 28 U.S.C. § 2241 on July 27, 2010.  Doc. 1.  The matter was referred to Magistrate Judge Jennifer C. Guerin, who issued a Report and Recommendation ("R & R") on February 11, 2011, recommending that the Petition be denied.  Doc. 9.  Hawkins filed timely objections to the R & R on March 28, 2011.  Doc. 12.[1]  As explained below, the court will overrule Hawkins' objections and adopt the R & R in full, except that it will dismiss rather than deny the Petition.

---

[1] The Court allowed Hawkins until March 30, 2011, to file objections.  Doc. 11.

**I**

In May 1995, Hawkins was convicted of possession with intent to distribute crack, a violation of 21 U.S.C. § 841(a)(1), and use or carrying a firearm during a drug crime, a violation of 18 U.S.C. § 924(c)(1). Doc. 8-1 at 8-9, 8-2 at 13. He was sentenced in September 1995 and his conviction was affirmed on direct appeal in October 1996. In the meantime, in December 1995 the Supreme Court decided *Bailey v. United States*, 516 U.S. 137 (1995). *Bailey* cabined firearm "use" offenses under § 924(c) to "active use, not just mere possession." *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003) (discussing *Bailey*).

It is *Bailey* upon which Hawkins relies in asserting actual innocence in the Petition presently before the court. Hawkins did not attempt to raise a claim under *Bailey* in his direct appeal, however. Hawkins filed his first § 2255 motion in 1998, three years after *Bailey* had come down, though whether he raised the *Bailey* issue is unclear. In any event, Hawkins' motion was dismissed with prejudice in late 1999, *United States v. Hawkins*, Cr. No. 94-264 (M.D.N.C.), Doc. 105, and he was denied a certificate of appealability, *United States v. Hawkins*, 2000 WL 432445, at *1 (4th Cir. Apr. 20, 2000). Hawkins filed another § 2255 motion in North Carolina federal district court in 2003, and that too was dismissed, *United States v. Hawkins*, Cr. No. 94-264 (M.D.N.C.), Doc. 116, and a certificate of appealability denied, *United States v. Hawkins*, 2004 WL 1205713, at *1 (4th Cir. June 2, 2004).

**II**

The district court reviews de novo the portions of the magistrate judge's R & R to which an objection has been filed. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report . . . to which objection is made."); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**III**

In his Petition, Hawkins claims that, under the Supreme Court's interpretation of 18 U.S.C. § 924(c) in *Bailey v. United States*, 516 U.S. 137 (1995), the evidence was insufficient to support his conviction for violating that statute. This claim goes to the legality

- 2 -

of Hawkins' sentence. As a general rule, motions under § 2255 are "the exclusive means by which a federal prisoner may" raise such claims, and "restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (internal quotation marks omitted). There is, however, an "escape hatch": a federal prisoner may "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam) (quoting § 2255). In particular, "a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens*, 464 F.3d at 898 (quoting *Ivy*, 328 F.3d at 1060). The R & R recommended concluding that Hawkins had had an unobstructed procedural shot at presenting his claim.

Hawkins objects that he is barred from raising his *Bailey* claim in a § 2255 motion, and therefore satisfies the criteria for the escape hatch. Hawkins' initial premise is accurate: he has already filed multiple unsuccessful § 2255 motions in federal district court in North Carolina, and he has no right under § 2255 to file another. A successive § 2255 motion can be filed only with a certification from the appropriate court of appeals (here, the Fourth Circuit) that: (1) the claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) there is "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h); *see Stephens*, 464 F.3d at 897-98. Hawkins' claim is a statutory claim – it relies neither on a "new rule of constitutional law" nor on "newly discovered evidence." *Cf. Stephens*, 464 F.3d at 898 (claim based on Supreme Court's interpretation of language in 21 U.S.C. § 848 was a "statutory claim"). Thus a successive § 2255 motion is not available to him.

- 3 -

But it does not follow from this premise that Hawkins may take advantage of the § 2255 savings clause and file a § 2241 petition. "[T]he general rule in this circuit is that the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective.'" *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) (quoting § 2255). A procedural shot is not obstructed simply because a petitioner cannot *now* file a § 2255 motion. In determining whether the petitioner ever had an unobstructed shot to pursue his claim, the court considers: "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (quoting *Ivy*, 328 F.3d at 1060-61). In *Stephens*, for example, the defendant was convicted, and his first § 2255 motion denied, several years before the Supreme Court decision which gave rise to his actual innocence claim. *Stephens*, 464 F.3d at 898. Because his claim did not satisfy the criteria for a second or successive § 2255 motion, Stephens never got – and never would get – an opportunity to present his claim in a § 2255 motion, and he was therefore deprived of an unobstructed procedural shot at presenting his claim. *Id.* The same was true for the defendant's *Bailey* claim in *Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997). There, the defendant had been convicted and had filed his first § 2255 motion before *Bailey* was decided; given the successive-petition constraints of § 2255, he was barred from asserting actual innocence under *Bailey* in a second § 2255 petition.

Here, by contrast, the Supreme Court decision upon which Hawkins relies was issued *before* he filed his first § 2255 motion. He could have raised the claim then. That he failed to do so when he had the chance does not mean he lacked an unobstructed procedural shot

- 4 -

1  at presenting his *Bailey* claim – only that he failed to take advantage of the shot when it was
2  available.[2]

### IV

4  Because Hawkins' Petition does not satisfy the terms of the § 2255 savings clause, it
5  cannot be brought as a § 2241 petition. Construed as what it is – a successive § 2255 motion
6  – the motion must be dismissed for lack of jurisdiction; its filing has not been authorized by
7  the appropriate court of appeals. *See Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir.
8  2000).

9  "Unless a circuit justice or judge issues a certificate of appealability ["COA"], an
10 appeal may not be taken to the court of appeals from . . . the final order in a proceeding under
11 section 2255." 28 U.S.C. § 2253(c)(1). Where, as here, the court denies a habeas petition
12 on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists
13 of reason would find it debatable whether the petition states a valid claim of the denial of a
14 constitutional right and that jurists of reason would find it debatable whether the district court
15 was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this
16 case, the court finds that reasonable jurists would not find it debatable that the court lacks

---

[2]   Hawkins suggests in passing that he failed to assert a *Bailey* claim on the advice of his trial counsel:

> The Petitioner was advised by his attorney of record that if he applied for relief under Baily [sic], the prosecution would respond by filing a 2[-]point enhancement to obtain a life sentence. This alone is enough of a deterrent to stop anyone from filing for relief. The Petitioner filed in haste "bam boozled" [sic] into believing that an appropriate claim of Ineffective Assistance Claim [sic] in August, 1998 would remedy to correct [sic] his conviction and sentence.

Petitioner's Objection at 2-3. This allegation lacks facial plausibility: it assumes that *Bailey* was decided by the time Hawkins was sentenced, when in fact *Bailey* was decided months later. The problem is not that Hawkins failed to raise a *Bailey* claim before or at his sentencing (that would have been impossible); instead it is that Hawkins failed to raise a *Bailey* claim on direct appeal, or in a timely initial § 2255 motion.

- 5 -

1  jurisdiction over Hawkins' petition: it is not properly brought pursuant to § 2241, and does
2  not fall within the savings clause of § 2255.  Therefore the court declines to issue a COA.
3         Accordingly,
4         **IT IS ORDERED** that:
5         1.    Hawkins' Objection (Doc. 12) to the R & R is overruled;
6         2.    The R & R of the Magistrate Judge (Doc. 9) is adopted, and the
7               Petition (Doc. 1) is dismissed for lack of jurisdiction;
8         3.    The court declines to issue a COA.
9  The Clerk of Court is directed to close this case and enter judgment accordingly.

11 DATED this 26th day of July, 2012.

_____
A. Wallace Tashima
United States Circuit Judge
Sitting by Designation

- 6 -